08-5099-cv
Spruill v. New York City Health and Hospitals Corporation

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the second day of March two thousand and ten.

PRESENT:

    JOSÉ A. CABRANES,
    BARRINGTON D. PARKER,
        *Circuit Judges*,
    STEFAN R. UNDERHILL,
        *District Judge.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FREDDIE LEE SPRUILL,

    *Plaintiff-Appellant*,

    v.                                       No. 08-5099-cv

NEW YORK CITY HEALTH AND HOSPITALS CORPORATION,
NORTH CENTRAL BRONX HOSPITAL, JACOBI HOSPITAL,
OFFICE OF THE INSPECTOR GENERAL, INTERNATIONAL BROTHERHOOD
OF TEAMSTERS LOCAL 237,

---

* The Honorable Stefan R. Underhill of the United States District Court for the District of Connecticut, sitting by designation.

1

*Defendants-Appellees.*\*\*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**  Freddie Lee Spruill, *pro se*, Bronx, NY.

**FOR DEFENDANTS-APPELLEES:**  Susan Paulson, Assistant Corporation Counsel
(Michael A. Cardozo, Corporation Counsel, *on the brief*), The City of New York Law Department, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (William H. Pauley, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant Freddie Lee Spruill ("Spruill" or "plaintiff") appeals from a judgment of the District Court dated September 3, 2008 dismissing his claims for discrimination against the defendants New York City Health and Hospitals Corporation, North Central Bronx Hospital, Jacobi Hospital, the Office of the Inspector General, and the International Brotherhood of Teamsters Local 237 ("IBT") (together, the "defendants"). In his complaint, Spruill asserted that defendants had discriminated against him and retaliated against him in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12112 *et seq.*

In a Memorandum and Order dated August 23, 2007, the District Court dismissed all claims against IBT for failure to exhaust administrative remedies. *Spruill v. NYC Health & Hosps. (Spruill I)*, No. 06 Civ. 11362, 2007 WL 2456960, at \*2-3 (S.D.N.Y. Aug. 23, 2007). The Court also dismissed, for failure to exhaust, Spruill's Title VII claims for race discrimination and retaliation against the remaining defendants, but it declined to dismiss plaintiff's ADEA and ADA claims against those defendants. *Id.* at \*3-5. One year later, in a Memorandum and Order dated August 25, 2008, the District Court granted summary judgment to the remaining defendants on Spruill's ADA and ADEA claims, finding that he failed to establish a *prima facie* case of age discrimination or disability discrimination. *Spruill v. NYC Health & Hosps. (Spruill II)*, No. 06 Civ. 11362, 2008 WL 3911015 (S.D.N.Y. Aug. 25, 2008). We assume the parties' familiarity with the remaining factual and

---

\*\* The Clerk of Court is directed to amend the official caption to conform to the listing of the parties stated above.

procedural history of the case.

We find no error in the District Court's careful analysis of plaintiff's claims. Accordingly, we affirm the judgment of the District Court substantially for the reasons stated in its two thorough and well-reasoned Memoranda and Orders. *See Spruill II*, 2008 WL 3911015; *Spruill I*, 2007 WL 2456960.

## CONCLUSION

We have considered all of plaintiff's arguments and find them to be without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court